IN THE UNITED STATES DISTRICT COURT
IN AND FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

V.                                    CASE NO:  8:20-CR-30-CEH-TGW-5

JORGE RAMIREZ

### DEFENDANT'S SENTENCING MEMORANDUM

COMES NOW THE DEFENDANT, JORGE RAMIREZ, (hereinafter "Mr. Ramirez"), by and through his Undersigned Counsel and hereby files this Sentencing Memorandum.

### STATEMENT OF FACTS

On January 22, 2020, a grand jury in the Middle District of Florida returned a one-count indictment naming Mr. Ramirez and others as co-defendants. Pre-Sentence Report ("PSR") 5¶1 Mr. Ramirez was charged with one count of conspiracy to possess with intent to distribute 50 grams or more of methamphetamine, a detectable amount of cocaine, and a detectable amount of heroin *Id.* at ¶2. Mr. Ramirez pled guilty to count one pursuant to a plea agreement before The Honorable Thomas Wilson on August 25, 2020. PSR - 5¶5.

Mr. Ramirez was a drug dealer in Pasco County associated with a man named Donald Shaffer. PSR 8¶23. Shaffer received his methamphetamine

from Juan Castillo and Adan Maldonado, major narcotics traffickers who received their supplies from a Mexican cartel. PSR 6-8. Shaffer was arrested and his sentencing is pending. Mr. Ramirez did take over for Mr. Shaffer after his arrest, but denies related co-defendant Arias-Castillo's account of how much methamphetamine he sold on behalf of Mr. Shaffer. Mr. Ramirez did receive 1.5 kilograms from Castillo and Maldonado on February 4, 2019, and did expect to receive more for resale.  PSR 9 ¶23.

## SENTENCING GUIDELINES CALCULATION

Mr. Ramirez is properly scored as a criminal history category III. Mr. Ramirez is assigned responsibility for at least 40 kilograms of ice, based upon the proffer of Mr. Arias-Castillo. The PSR assigns a base offense level of 38. PSR 11 ¶37. With acceptance of responsibility, Mr. Ramirez earns 3 points to a total offense level of 35, resulting in a guideline range of 210 to 262 months imprisonment. PSR 27 ¶108. Mr. Ramirez faces a mandatory minimum of 180 months imprisonment as a function of the §851 enhancement due to his 2011 state cocaine trafficking conviction.

## REQUEST FOR VARIANCE AND REASONABLE SENTENCE OF 180 MONTHS IMPRISONMENT

Mr. Ramirez respectfully requests that this Court sentence him to 180 months of imprisonment.  This Court is aware of the wide discretion given by

*Booker* and its progeny, so there is no need to reiterate it here. Under the factors laid out by 18 USC § 3553(a), a 180-month sentence is appropriate.

The Government has not filed a Rule 5k motion in this case, though Mr. Ramirez did give a significant post-*Miranda* statement right after his arrest. Mr. Ramirez has attempted to cooperate with prior case agents since his release from custody. While Mr. Ramirez's bond was revoked due to his being a suspect for a Hernando County murder, he has not been indicted or arrested for this offense and is willing to assist in that investigation. He otherwise was well behaved on pretrial release in part due to the supervision of his wife, who will have to take care of their two minor aged children during his incarceration.

Under subsection (a)(1), the facts and circumstances of this case merit a departure. Mr. Ramirez's responsible quantity of 40 kilograms comes from the proffer of cooperating codefendant Arias-Castillo. The entire 40 kilograms is qualified as of ice purity based upon the sample testing of methamphetamine found at Castillo and Maldonado's stash house. There are no facts in the plea agreement that discuss the purity of the methamphetamine dealt by Mr. Ramirez.

Courts all over the country have begun to discount the empirical support underpinning the 10:1 ratio difference between Methamphetamine and Ice. This is largely in part due to the U.S. Sentencing Commission's lack

of scientific underpinning to amendments to 2D1.1 that were found to be the result of congressional directive. *See United States v. Hayes*, 948 F. Supp. 2d 10009 (N.D. Iowa 2013) (downward variance warranted due to policy disagreement on methamphetamine guidelines not based on empirical data), *United States v. Castellanos*, 2008 WL 5423858 (D. Neb. Dec. 29, 2008) (methamphetamine guidelines were given less deference as they were promulgated by congressional directive), *United States v. Ibarra-Sandoval*, 265 F. Supp. 3d 1249 (D. New Mexico 2017) (Departure based on policy disagreement with methamphetamine guidelines not based on empirical data.), *United States v. Johnson*, 379 F. Supp. 3d 1213 (M.D. Ala. 2019) (departure based on lack of empirical support for methamphetamine guidelines).

Furthermore, Mr. Ramirez presents a significant medical concern for the Bureau of Prisons. Mr. Ramirez suffered a punctured intestine as a consequence of two of his friends fighting, and he required bowel resection and a colostomy bag. PSR 23¶84. He has to take medicine for epileptic seizures, nausea, high blood pressure, high cholesterol, sleep apnea and thyroid issues. *Id.* at ¶85. He suffered cranial bleeding in 2015 and has permanent memory loss as a result. *Id.* He has also been diagnosed with a ventral hernia, hypertensive heart disease, hypothyroidism and esophogeal

reflux and a hernia. PSR 24 ¶¶86-88. Mr. Ramirez has admitted to drug problems and has requested RDAP recommendation to get treatment.

This Court has given some level of variance to codefendants in this case. Edward Rodriguez was given 135 months imprisonment despite being responsible for 200 kg of methamphetamine, and he had a criminal history category of III. Both Edwar and Christian Rondon received downward variances and did receive the benefit of safety valve in receiving 63-month sentences, but they were also responsible for 200 kilograms of methamphetamine. Mr. Ramirez is not as responsible as these codefendants as he is only responsible for 40 kilograms of methamphetamine. He is not eligible for safety valve and has no means of being sentenced below the 15-year minimum mandatory sentence. As this Court has shown some leniency to other codefendants, a sentence of the minimum mandatory 180 months is more than sufficient to meet the sentencing requirements of §3553(a), give proportionally similar sentences to codefendants, and consider the facts and circumstances of Mr. Ramirez and his case.

## CONCLUSION

For the Reasons stated herein, the Defendant requests that this Court enter a sentence of 180 months' imprisonment.

Respectfully submitted,

/s Christopher DeLaughter
CHRISTOPHERDELAUGHTER, ESQUIRE

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished electronically by E-mail, THE OFFICE OF THE ASSISTANT UNITED STATES ATTORNEY, this 14th day of May, 2021.

/s Christopher Delaughter
CHRISTOPHER DELAUGHTER, ESQUIRE
506 North Armenia Ave.
Tampa, Florida 33609
Tel:(813) 877-6970
Fax: (813) 879-2610
Chris@barrorlaw.com
Florida Bar No.  0039629